978 F.2d 1260
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie YASCONE, Plaintiff-Appellant,
v.
GRAFTON CORRECTIONAL INSTITUTION, Supt. of; Connie Cook,
Defendants-Appellees.
 No. 92-3082.
 United States Court of Appeals, Sixth Circuit.
 Oct. 26, 1992.
 
 Before MILBURN and ALAN E. NORRIS, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 Willie Yascone, a pro se Ohio prisoner, appeals a district court order dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages as well as injunctive relief, Yascone alleged that the defendants violated his constitutional right of access to the courts by mishandling his legal mail. He alleged that due to defendant Cook's "unconsciencious" handling of his mail, his petition for a writ of certiorari to the United States Supreme Court was not timely filed. He also requested that all prisoners be given direct access to the prison mailroom for the purpose of mailing their legal mail.
 
 
 3
 The district court dismissed Yascone's complaint under 28 U.S.C. § 1915(d) and Yascone appealed. Thereafter, this court reversed and remanded the case, indicating that Yascone had arguably stated a claim for injunctive relief. After obtaining service of process, the defendants then filed a motion to dismiss or, in the alternative, for summary judgment. The district court dismissed the case under Fed.R.Civ.P. 12(b)(6), finding that Yascone had not alleged anything more than mere negligence and that denying a prisoner free access to a prison mailroom does not violate his constitutional right of access to the courts.
 
 
 4
 On appeal, Yascone continues to argue the merits of his case. The appellees have notified the court that they will not be filing a brief.
 
 
 5
 Upon review, we hereby affirm the district court's judgment because it appears beyond a doubt that Yascone can prove no set of facts that would entitle him to relief. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 6
 Accordingly, Yascone's request to proceed as a pauper is granted, his request for the appointment of counsel is denied and the district court's judgment is affirmed for those reasons set forth in its December 11, 1991 memorandum and order. Rule 9(b)(3), Rules of the Sixth Circuit.